UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:11CR00527HEA |
| v. | ) | |
| | ) | |
| JEROME JOHNSON and | ) | |
| DARRYL MULDROW | ) | |
| Defendant. | ) | |

**AMENDED OPINION,  MEMORANDUM OF LAW,
FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This matter comes before the Court for trial without a jury. Each defendant has filed a motion seeking trial without a jury (Doc. 89, as to defendant Jerome Johnson) and (Doc. 90, as to defendant Darryl Muldrow). Each motion was granted by the Court and consented to by the United States of America. The parties have also filed written waivers of their rights to a jury trial (Doc. 155 on behalf of defendant Jerome Johnson ) and (Doc. 156 on behalf of def Darryl Muldrow). Defendant Johnson, (hereafter Johnson), has also filed a request for findings of fact pursuant to Fed.R.Crim.P.  23 (Doc. #128). The United States has not objected to a bench trial here.

On July 23, 2012, Johnson and Darryl Muldrow, (hereafter Muldrow), appeared before the Court with counsel Ms. JoAnn Trog and Mr. Peter Cohen, respectively, to answer the charges set forth in the indictment.  The indictment charges Johnson in count one with the offense of Felon in Possession of a Firearm

1

in contravention of 18 U.S.C. §922(g)(1); in count three with the offense of acting with Muldrow, by aiding and abetting, to Possess with Intent to Distribute Cocaine Base in contravention of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2(a) and 21 U.S.C. §841(b)(1)(C); and in count four with Possession of a Firearm in Furtherance of a Drug Trafficking Crime in contravention of 18 U.S.C. §924(c)(1) and 18 U.S.C. §924(c)(1)(A)(I).  Muldrow was charged in the indictment in count two with Felon in Possession of a Firearm in contravention of 18 U.S.C. §922(g)(1); in count three with the offense of acting with Johnson, by aiding and abetting, to Possess with Intent to Distribute Cocaine Base in contravention of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2(a) and 21 U.S.C. §841(b)(1)(C); and in count five with Possession of a Firearm in Furtherance of a Drug Trafficking Crime in contravention of 18 U.S.C. §924(c)(1) and 18 U.S.C. §924(c)(1)(A)(I). The United States appeared by Mr. Patrick Judge and Ms. Sayler Fleming.  The United States presented its opening statement through Ms. Fleming. Johnson presented his opening statement through Ms. Trog and Muldrow delivered his opening statement through Mr. Cohen.

Evidence was presented by the United States in the nature of various police officers who were at the scene either conducting, or assisting in, surveillance of 4425 Red Bud, (Red Bud), in the City of St. Louis, Eastern District of Missouri; numerous exhibits, including audio from police transmissions related to the investigation of activity at the address on September 27, 2011, and laboratory experts in the field of drug and weapons analysis. Johnson presented evidence, in the nature of the actual residents, (Anthony Radford and Julia Bryant) of  the Red Bud property, as well as his own testimony at the conclusion of the evidential presentation of the United States.  Muldrow also presented evidence which consisted of the testimony of police officer Schroeder and DeShauna Muldrow, his

2

sister who resided on the second floor of the Red Bud location. No further evidence was presented.

## Findings and Conclusions

On the offenses set out in the Indictment brought forth by the Federal Grand Jury in the Eastern District of Missouri the Court will make its findings and conclusions as to each offense and as to each defendant herein.

## Count I and II of the Indictment

In Count I defendant Johnson is charged with Felon in Possession of a Firearm, in contravention of 18 U.S.C. §922(g)(1). In Count II defendant Muldrow is charged with Felon in Possession of a Firearm, in contravention of 18 U.S.C. §922(g)(1).

The elements of the offense in Count I and Count II are that:

The defendant has been previously convicted of a felony which was punishable by imprisonment for a term exceeding one year under the laws of the State of Missouri;

The defendant thereafter knowingly possessed a firearm;

The possession was in or affecting interstate commerce in that the firearm had been transported across state lines before the defendant's possession of it.

The United States proved all these elements beyond a reasonable doubt. The credible evidence adduced at trial is that on September 27, 2011 Police officer Tesreau of the St. Louis Metropolitan Police Department established a surveillance point across the street from 4425 Red Bud shortly before 7:30 p.m. During the course of his surveillance of the Red Bud address he observed a Black male wearing a Jack Daniels jacket. He saw this person, whom he identified in court as defendant Johnson, in contact with persons to the right of the front of the residence. He also

saw the defendant engage in hand to hand transactions consistent with drug distribution, that is, exchanging drugs for currency or cash. He also observed a person on the porch of the residence who was looking up and down the street. This Black male was wearing a grey hoodie and glasses. From his experience the officer concluded, and the Court believes, that he was a lookout. He was identified in court as defendant Muldrow. Johnson went to the left of the building after that and was lost from sight. Johnson later returned to 4425 Red Bud and the police decided to move in on the activity. Police Officer Blake Witzman arrived when the police decided to move in and observed the dark grips of a handgun in the waistband of Johnson as the Jack Daniels jacket flew open when he, Johnson, and Muldrow turned to run into the residence upon arrival of the police. Muldrow was also seen to have the white grips of a weapon in his waistband as his hoodie front flew open while exiting the front porch. The area was illuminated by street lights in close proximity to the residence, porch lights of the residence, and the spotlight from a police vehicle, occupied by officer Sisco who had arrived to assist in the investigation. Both defendants were seen going into what was later determined to be the basement. The police officers entered the basement and found the gun which matched the weapon that Johnson had as he ran into the house and basement. This weapon was seized and upon examination by firearms expert Matt Hanwinkel was determined to be a  .40 caliber Smith & Wesson handgun which was fully operational and had been manufactured outside of the State of Missouri.  A handgun matching the description of the gun in Muldrow's waistband was also found in the basement and determined, by Hanwinkel, to be a .38 caliber Smith & Wesson handgun that was fully operational and had been manufactured outside the State of Missouri.   The defendant Johnson has been previously convicted of a felony pursuant to the stipulation by the parties on the record. Likewise, the defendant

Muldrow has been previously convicted of a felony pursuant to the stipulation by the parties on the record.

"Possess[ion]" of a firearm, as contemplated in 18 U.S.C. § 922(g)(1), can be actual or constructive. *U. S. v. Brown*, 634 F.3d 435 (8th Cir. 2011). Actual possession refers to the "knowing, direct, and physical control over a [firearm]," whereas constructive possession "is established by proof that the defendant had control over the place where the firearm was located, or control, ownership, or dominion of the firearm itself." *Id.* (quotations omitted). Notably, a showing of possession "may be based on circumstantial evidence which is intrinsically as probative as direct evidence." *Id.* (quotation omitted). *U.S. v. Stoltz*, 683 F.3d 934, 940 (8th Cir.2012). The United States has proved beyond a reasonable doubt that defendant Jerome Johnson, in Count I, and Darryl Muldrow, in Count II,  is a Felon in Possession of a Firearm in violation of 18 U.S.C. §922(g)(1).  The Court finds defendant Johnson guilty beyond a reasonable doubt of the offense in Count I. The Court finds defendant Muldrow guilty beyond a reasonable doubt of the offense in Count II. Each defendant had knowing, physical, and direct control over each respective handgun as each handgun was in each defendant's waistband and found in the basement where each was seen to enter and exit.

**Count III of the Indictment**

In Count III defendant Johnson, as is defendant Muldrow, is charged with Aiding and Abetting Possession with the Intent to Distribute Cocaine Base in contravention of 21 U.S.C. §841(a)(1) and 18 U.S.C.§ 2(a) and 21 U.S.C. §841(b)(1)(C).

The elements of this offense are that:

The defendant knew that the distribution of cocaine base was being committed or going to be committed;

5

The defendant knowingly acted in some way for the purpose of aiding the commission of the distribution of cocaine base;

The defendant knowingly and intentionally acted to distribute cocaine base.

The United States proved all these elements beyond a reasonable doubt. Police officer Tesreau testified about his observations from his surveillance point across the street from 4425 Red Bud shortly before 7:30 p.m. He observed a Black male wearing a Jack Daniels jacket. He saw this person, whom he identified in court as defendant Johnson in contact with persons to the right of the front porch of the residence. He also saw the defendant engage in hand to hand transactions related to drug delivery, that is, exchanging drugs for currency or cash. He also observed a person on the porch of the residence. The man on the porch was looking up and down the street. He was also repeatedly adjusting his waistband and moving and bending as if he had something in his waistband. This Black male was wearing a grey hoodie and glasses. From his experience the officer concluded, and the Court believes, that he was a lookout. He was identified in court as defendant Muldrow. Johnson went to the left of the building after that and was lost from sight. There was testimony that Johnson and Muldrow knew each other and that Johnson had been to the residence in the past, albeit some years prior. Both Johnson and Muldrow ha affiliation with the 44 Blue Bud Crips in the O'Fallon neighborhood, and Muldrow has tattoos representative of that affiliation. Johnson later returned to 4425 Red Bud and the police decided to move in on the activity. Police Officer Blake Witzman arrived when the police decided to move in and observed the dark grips of a handgun in the waistband of Johnson as the Jack Daniels jacket flew open when he, Johnson, and Muldrow turned to run into the residence upon arrival of the police. Muldrow, who had access to the residence,  was leading their hasty retreat into the residence. The area was illuminated by street lights in close proximity to the

6

residence, porch lights of the residence, and the spotlight from a police vehicle. The defendants were seen going into what was later determined to be the basement. The police officers entered the basement and found a number of items which, through the testimony of lab expert Velvet McLasky, were determined to be controlled substances in the nature of cocaine base, marijuana, and heroin.  The gross weight of the cocaine base was 3.68 grams. These items were found in the same location in the basement as the .40 caliber Smith & Wesson which was the object weapon in Count I, and the .38 caliber Smith & Wesson which was the object weapon in count II.

To convict under the aiding and abetting statute, 18 U.S.C. § 2, the government need only prove that the defendant associated himself with the unlawful venture, participated in it as something he wished to bring about, and by his action sought to make the activity succeed. *United States v. Brim*, 630 F.2d 1307, 1311 (8th Cir.), cert. denied, 452 U.S. 966 (1980). To obtain a conviction for aiding and abetting, the government need not prove the actual identity of the principal, provided the evidence shows that the underlying crime was committed by someone. *United States v. Horton*, 921 F.2d 540, 543 (4th Cir.1990), cert. denied, 501 U.S. 1234 (1991).

*U.S. v. Clark*  980 F.2d 1143, 1146 (8th Cir.1992). Here, Johnson is identified by his conduct as the individual who was conducting the hand to hand transactions and Muldrow was the lookout as determined by the testimony. Johnson scurried into Red Bud with Muldrow to elude the police and the police found the object of the distribution activity in the basement of the residence. Johnson admitted, as evidenced by the statement that came out in trial, to the police that he was engaged in the conduct and couldn't have it on him. This was in reference to the illegal items recovered from the basement. The United States has proved beyond a reasonable

doubt that defendant Jerome Johnson Aided and Abetted Possession with the Intent to Distribute Cocaine Base in contravention of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2(a) and 21 U.S.C. §841(b)(1)(C ).  The United States has proved beyond a reasonable doubt that defendant Darryl Muldrow Aided and Abetted Possession with the Intent to Distribute Cocaine Base in contravention of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2(a) and 21 U.S.C. §841(b)(1)(C ). The Court finds defendant Johnson guilty beyond a reasonable of the offense in Count III. The Court also finds defendant Muldrow guilty beyond a reasonable of the offense in Count III.

**Count IV and V of the Indictment**

In Count IV defendant Johnson is charged with Possession of a Firearm in Furtherance of a Drug Trafficking Crime in contravention of 18 U.S.C. §924(c)(1) and 18 U.S.C. §924(c)(1)(A)(I).

In Count V defendant Muldrow is charged with Possession of a Firearm in Furtherance of a Drug Trafficking Crime in contravention of 18 U.S.C. §924(c)(1) and 18 U.S.C. §924(c)(1)(A)(I).

The elements of the offense in Count IV are:

The defendant committed the crime of possession with the intent to distribute cocaine base;

The defendant knowingly possessed a firearm in furtherance of that crime;

The firearm was a .40 caliber Smith & Wesson pistol.

As to Count V regarding defendant Muldrow the elements are the same except as to Muldrow the last element is that the firearm was a .38 caliber Smith & Wesson handgun. The United States has proven all these elements beyond a reasonable doubt as to each count . Police officers of the St. Louis Metropolitan Police Department went to Red Bud in the City of St. Louis to conduct surveillance of

possible illegal activity at that location. The surveillance, in the evening hours as noted above, was conducted from a vacant building across the street from the Red Bud address. Officer Tesreau observed a subject who was later identified as the defendant Johnson engage in the conduct that is referenced in the description of Counts I and III and Muldrow engage in the conduct referenced in Counts II and III. From those facts it has already been established and the Court has concluded that the defendants Johnson and Muldrow, committed the crime of Aiding and Abetting Possession with the Intent to Distribute Cocaine Base and the crime of Felon in Possession of a Firearm. The credible evidence is that there were a number of individuals in the area of the Red Bud location, some of whom engaged in hand to hand transactions with Johnson. Johnson necessarily had narcotics on his person as he engaged in the transactions, but also had access to more drugs which were later located in the basement of the residence. Darryl Muldrow, was acting as a lookout from the front porch as Johnson engaged in the hand to hand transactions. Detective Ed Clay testified as an expert in the circumstances and nature of the drug distribution business that the dealer typically has, and maintains, weapons to protect his product and himself. Det. Clay also testified that it is very typical, as was here, to have drugs and weaponry in close proximity to each other while distributing. The evidence also showed that the conduct of Johnson and Muldrow was consistent with trafficking activity as that relates to the number of different drugs seized, the weapon in the possession of each, the manner in which the drugs were packaged (small individual packages of crack, capsules of heroin, and knotted bags of weed) for sale, the lack of the presence of any drug paraphernalia, and the amount of drugs found (36 dosages of crack (3.68 grams), 28.6 grams of marijuana, and 7 caps of heroin). Ultimately the drugs and weapons were found together side by side on a table in the basement.

9

It is axiomatic in the Eighth Circuit that when a firearm is possessed for the purpose of protecting a drug dealer, his drugs, or his money, the firearm is possessed in furtherance of a drug trafficking crime. In *United States v. Saddler,* 538 F.3d 879 (8th Cir.2008), a case involving a drug distribution conspiracy, the court held the defendant possessed a firearm in furtherance of a drug trafficking crime where loaded firearms were kept in a location that was "quickly accessible and in close proximity to" drugs and significant sums of currency, and a witness testified he had seen the defendant going armed at a location where the defendant sold drugs. The court found there was a sufficient nexus between the defendant's possession of firearms and the drug trafficking crime for the jury to "reasonably infer that [the defendant] possessed the firearms to protect, and thereby further, the drug distribution operation." *Saddler,* 538 F.3d at 888-89 (citation omitted). Among other precedents, the *Saddler* court relied on *United States v. Thorpe,* 447 F.3d 565, 568 (8th Cir.2006), in which the court held the jury must find a nexus between the defendant's possession of a firearm and a drug offense to convict him of possessing a firearm in furtherance of a drug trafficking crime, and *United States v. Williams,* 512 F.3d 1040, 1044 (8th Cir.2008), where the court observed, "[W]e have repeatedly held that a jury may find the requisite nexus when a firearm is discovered in close proximity with drugs so as to support an inference that the firearm is for the protection of the drugs." *Saddler,* 538 F.3d at 888. *See United States v. Kent,* 531 F.3d 642, 652 (8th Cir.2008) (to obtain conviction for possession of firearm in furtherance of drug trafficking crime, "government must prove a nexus between the possession of the firearm and the underlying drug crime"-a connection that may be inferred by the jury when the firearm "is kept in close proximity to the drugs, it is quickly accessible, and there is expert testimony regarding the use of firearms in connection with drug trafficking") (citing *United States v. Close,* 518 F.3d 617, 619

10

(8th Cir.2008)); *United States v. Lindsey,* 507 F.3d 1146 (8th Cir.2007) (firearm found beneath car seat where defendant was sitting while he was holding bags of crack cocaine was possessed in furtherance of drug trafficking crime). *See also United States v. Johnson,* slip op., 2008 WL 4191278 at * 1 (8th Cir. Sept.15, 2008) (Defendant possessed firearm in furtherance of drug trafficking where he had loaded firearms readily accessible in his residence and in the trailer where he divided drugs) (citing *United States v. Hilliard,* 490 F.3d 635, 640 (8th Cir.2007); *United States v. Spencer,* 439 F.3d 905, 914-15 (8th Cir.2006)).

Jerome Johnson was possessing a firearm in furtherance  of a drug trafficking crime. On September 27, 2011,in the evening, at 4425 Red Bud the defendant was observed to engage in some hand to hand transactions. Muldrow, the lookout was observed to move about on the porch of the residence and glance up and down the street in a manner consistent with one engaged in drug distribution. Muldrow was also seen by the police from the surveillance point adjusting his waistband, glancing at something in his waistband , and bending in a fashion consistent with someone who might be carrying a weapon. As Muldrow turned to run into the house from the police, the grips of a handgun were seen protruding from his waistband. Johnson was observed to have a handgun in his waistband as he ran into the house as well. Both guns, including a .38 caliber revolver with ivory/white grips possessed by Muldrow, and the drugs were found in the basement.  The United States has proven beyond a reasonable doubt that defendant Jerome Johnson committed the offense of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in contravention of 18 U.S.C. §924(c)(1) and 18 U.S.C. §924(c)(1)(A)(I).

Likewise, the United States has proved beyond a reasonable doubt that defendant Darryl Muldrow committed the offense of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in contravention of 18 U.S.C. §924(c)(1)

11

and 18 U.S.C. §924(c)(1)(A)(I), as set forth in Count V. The Court finds the defendant Johnson guilty beyond a reasonable doubt of the offense in Count IV. The Court finds defendant Muldrow guilty beyond a reasonable doubt of the offense in Count V.

As the Court has found each defendant guilty as charged and pronounced and entered its findings of guilt in open court the matter will be set for sentencing.

Accordingly,

**IT IS HEREBY ORDERED** that sentencing in this case is set for Monday, October 29th at 10:30 a.m. for defendant Jerome Johnson  and at 10:45 a.m. for defendant Darryl Muldrow.

Dated this 7th day of August, 2012.


_____
     HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE